UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE BROWNLEE, ) | 1:05-CV-0949 REC SMS HC |
| ) | |
| Petitioner, ) | FINDINGS AND RECOMMENDATION |
| ) | REGARDING DISMISSAL OF SUCCESSIVE |
| v. ) | PETITION FOR WRIT OF HABEAS |
| ) | CORPUS PURSUANT TO |
| ) | 28 U.S.C. § 2244(b) |
| A. P. KANE, ) | |
| ) | |
| Respondent. ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In the petition filed on July 25, 2005, Petitioner challenges his 1980 conviction in Fresno County Superior Court of second degree murder. Review of the Court's docket and the files in a habeas corpus proceeding previously filed by Petitioner, (Terrence Brownlee v. Robert L. Ayers, CV F 01 6120 OWW SMS HC), shows that in the previous proceeding Petitioner challenged his 1980 conviction of second degree murder; the petition was dismissed with prejudice for violating the one-year statute of limitations set forth in 28 U.S.C. 2244(d), and judgment was entered on September 26, 2002.

**DISCUSSION**

A federal court must dismiss a second or successive petition that raises the same grounds as a

prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction. That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under Section 2254 and must dismiss the petition. See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit. See 28 U.S.C. § 2244 (b)(3).

## RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED as successive.

1   This Findings and Recommendation is submitted to the Honorable Robert E. Coyle, United
2   States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304
3   of the Local Rules of Practice for the United States District Court, Eastern District of California.
4   Within thirty (30) days after being served with a copy, any party may file written objections with the
5   court and serve a copy on all parties.  Such a document should be captioned "Objections to
6   Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate
7   Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file
8   objections within the specified time may waive the right to appeal the District Court's order.
9   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11  IT IS SO ORDERED.

12  **Dated:    November 30, 2005**                    **/s/ Sandra M. Snyder**
    icido3                                             UNITED STATES MAGISTRATE JUDGE