IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE BROWNLEE, ) <br> ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ) <br> M. KRAMER, ) <br> ) <br> ) <br> Respondent. ) <br> ) <br> _____ ) | No. CV-F-05-949 OWN/SMS H.C. <br><br> ORDER DENYING PETITIONER'S <br> MOTION TO SET ASIDE RULING <br> PURSUANT TO RULE 60(b)(3), <br> FEDERAL RULES OF CIVIL <br> PROCEDURE (Doc. 26) |

By Order filed on February 10, 2006, Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was dismissed for lack of jurisdiction on the ground that the petition is a second or successive petition. Petitioner appealed the Order to the Ninth Circuit. The Ninth Circuit denied a certificate of appeal ability on June 23, 2006.

On February 12, 2007, Petitioner filed a motion to set aside the Order pursuant to Rule 60(b)(3), Federal Rules of Civil Procedure, asserting that the state court fraudulently increased Petitioner's sentence from 15 years to 15 years to life.

1

The threshold issue is whether this Court has jurisdiction to hear the claim asserted in Petitioner's Rule 60(b) motion.

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court discussed the interaction between Rule 60(b), Federal Rules of Civil Procedure, and the AEDPA. After noting that the AEDPA and its decisions make clear that a "claim" "is an asserted federal basis for relief from a ... judgment of conviction", *id.* at 530, the Supreme Court stated:

> In some instances, a Rule 60(b) motion will contain one or more 'claims.' For example, it might straightforwardly assert that owing to 'excusable neglect.' Fed. Rule Civ. Proc. 60(b)(1), the movant's habeas petition had omitted a claim of constitutional error, and seek leave to present that claim ... Similarly, a motion might seek leave to present 'newly discovered evidence,' Fed. Rule Civ. Proc. 60(b)(2), in support of a claim previously denied ... Or a motion might contend that a subsequent change in substantive law is a 'reason justifying relief,' Fed. Rule Civ. Proc. 60(b)(6), from the previous denial of a claim ... Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly ....
>
> We think those holdings are correct. A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute. 28 U.S.C. § 2254 Rule 11. Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction - even claims couched in the language of a true Rule 60(b) motion - circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly

2

|   |   |
|---|---|
| 1 | discovered facts. § 2244(b)(2).  The same is true of a Rule 60(b)(2) motion presenting new |
| 2 | evidence in support of a claim already litigated: even assuming that reliance on a |
| 3 | new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims |
| 4 | 'presented in a prior application,' § 2244(b)(2)(B) requires a more convincing |
| 5 | factual showing than does Rule 60(b).  Likewise, a Rule 60(b) motion based on a |
| 6 | purported change in the substantive law governing the claim could be used to |
| 7 | circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition |
| 8 | may rely is 'a new rule of constitutional law, made retroactive to cases on collateral |
| 9 | review by the Supreme Court, that was previously unavailable.'  In addition to the |
| 10 | substantive conflict with AEDPA standards, in each of these three examples use of Rule |
| 11 | 60(b) would impermissibly circumvent the requirement that a successive habeas petition |
| 12 | be precertified by the court of appeals as falling within an exception to the |
| 13 | successive-petition bar. § 2244(b)(3). |

         1              discovered facts. § 2244(b)(2).  The same is
                        true of a Rule 60(b)(2) motion presenting new
         2              evidence in support of a claim already
                        litigated: even assuming that reliance on a
         3              new factual predicate causes that motion to
                        escape § 2244(b)(1)'s prohibition of claims
         4              'presented in a prior application,' §
                        2244(b)(2)(B) requires a more convincing
         5              factual showing than does Rule 60(b).
                        Likewise, a Rule 60(b) motion based on a
         6              purported change in the substantive law
                        governing the claim could be used to
         7              circumvent § 2244(b)(2)(A)'s dictate that the
                        only new law on which a successive petition
         8              may rely is 'a new rule of constitutional
                        law, made retroactive to cases on collateral
         9              review by the Supreme Court, that was
                        previously unavailable.'  In addition to the
        10              substantive conflict with AEDPA standards, in
                        each of these three examples use of Rule
        11              60(b) would impermissibly circumvent the
                        requirement that a successive habeas petition
        12              be precertified by the court of appeals as
                        falling within an exception to the
        13              successive-petition bar. § 2244(b)(3).

        14              In most cases, determining whether a Rule
                        60(b) motion advances one or more 'claims'
        15              will be relatively simple.  A motion that
                        seeks to add a new ground for relief ... will
        16              of course qualify.  A motion can also be said
                        to bring a 'claim' if it attacks the federal
        17              court's previous resolution of a claim *on the
                        merits*, since alleging that the court erred
        18              by denying habeas relief on the merits is
                        effectively indistinguishable from alleging
        19              that the movant is, under the substantive
                        provisions of the statutes, entitled to
        20              habeas relief.

        21   *Id.* at 531-532.   However, the Supreme Court ruled:

        22              That is not the case ... when a Rule 60(b)
                        motion attacks, not the substance of the
        23              federal court's resolution of a claim on the
                        merits, but some defect in the integrity of
        24              the federal habeas proceedings.

        25   *Id.* at 532.   The Supreme Court noted:

        26              Fraud on the federal habeas court is one

                                        3

>example of such a defect. See generally *Rodriguez v. Mitchell*, 252 F.3d 191, 199 (CA2 2001)(a witness's allegedly fraudulent basis for refusing to appear at a federal habeas hearing 'relate[d] to the integrity of the federal habeas proceeding, not to the integrity of the state criminal trial'). We note than an attack based on the movant's own conduct, or his habeas counsel's omissions, see, *e.g., supra*, at 530-531, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably.

Here, Petitioner's claim of fraud pursuant to Rule 60(b)(3) is not based on any defect in the prior habeas corpus proceedings. Rather, the claim is based on alleged fraud in the underlying state criminal proceeding, a claim which Petitioner could have raised in the prior habeas corpus proceedings. Therefore, the exception for fraud noted by the Supreme Court does not apply.

Petitioner's motion to vacate must be construed as a second or successive motions pursuant to Section 2254 governed by 28 U.S.C. § 2244. *Thompson v. Calderon*, 151 F.3d 918, 921 (9th Cir.), *cert. denied*, 524 U.S. 965 (1998). Consequently, this court lacks jurisdiction to consider the merits of these motions absent authorization from the Ninth Circuit Court of Appeals. *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998).

ACCORDINGLY, as set forth above,

Petitioner's Motion to Set Aside Ruling Pursuant to Rule 60(b)(3), Federal Rules of Civil Procedure, is DENIED for lack of jurisdiction.

///

4

1       IT IS SO ORDERED.

2  **Dated:   February 25, 2007**                    **/s/ Oliver W. Wanger**
   emm0d6                                      UNITED STATES DISTRICT JUDGE